UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, On Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　　　　　Defendant. | Civil Action No. 1:09-cv-9333 (KBF)<br><br>ECF Case |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/13

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

　　This Action involves a class action lawsuit brought by plaintiff Board of Trustees of the Operating Engineers Pension Trust, in its capacity as fiduciary of the Operating Engineers Pension Trust (the "Lead Plaintiff" or "Plaintiff") on behalf of itself, and as representative of a class described herein (the "Class") against Defendant JPMorgan Chase Bank, N.A. ("JPMC Bank" or "Defendant") for alleged breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

　　The terms of the settlement are set out in the Stipulation of Settlement, fully executed as of August 16, 2013 (the "Settlement"), by counsel on behalf of Plaintiff and Defendant.[1]

　　The Court has preliminarily considered the Settlement to determine, among other things, whether to preliminarily certify the Class for settlement purposes and whether the Settlement is

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement.

sufficient to warrant the issuance of notice to members of the Class. Upon reviewing the Settlement and Plaintiff's letter in support of preliminary approval dated August 16, 2013, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Class Certification.** The Court hereby preliminarily certifies, for settlement purposes only, a Class pursuant to Rules 23(a) & (b)(3) of the Federal Rules of Civil Procedure consisting of the following:

> all plans and entities governed by the Employee Retirement Income Security Act for which JPMorgan Chase Bank, N.A., pursuant to a securities lending agreement, either directly or through the JPMorgan Chase Bank, N.A. Securities Lending Cash Collateral Fund, invested cash collateral in floating rate notes issued by Lehman Brothers Holdings, Inc. bearing CUSIP numbers 524908SQ4 and/or 52517PQ61, and continued to hold those securities as of September 15, 2008.

2. For purposes of effectuating the Settlement, the Court appoints Lead Plaintiff as Class Representative and appoints Robbins Geller Rudman & Dowd LLP and Izard Nobel, LLP as class counsel.

3. The Court preliminarily finds and concludes, for the purposes of the Settlement, that the requirements of Rule 23(a) & (b)(3) of the Federal Rules of Civil Procedure are satisfied as: (a) the members of the Class are so numerous and geographically dispersed that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class, and those common issues predominate over any individual issues; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have and will continue to fairly and adequately represent and protect the interests of all members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any

litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

    4.    **Preliminary Findings Regarding Proposed Settlement.**  The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed upon only after Plaintiff's Counsel conducted extensive legal research and fact discovery regarding the strengths and weaknesses of Plaintiff's claims; (iii) Plaintiff's Counsel have concluded that the proposed Settlement is fair, reasonable and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Class.  Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those members of the Class whose claims would be settled, compromised, dismissed and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

    5.    **Final Approval.**  Lead Counsel shall file their final approval motion, on behalf of Plaintiff's Counsel, including their request for approval of the Plan of Allocation, petition for attorneys' fees, a Case Contribution Award and Litigation Expenses no later than twenty-eight (28) calendar days before the Final Approval Hearing.  Lead Counsel shall also post their final approval motion, including their request for approval of the Plan of Allocation, petition for attorneys' fees, Case Contribution Award and Litigation Expenses on the dedicated website for this Action as soon thereafter as possible.

6. **Final Approval Hearing.** A hearing is scheduled for November 19, 2013 at 1:00 p.m. EST (the "Final Approval Hearing"*)* to determine, among other things:

- whether the Class should be certified, for the purpose of the Settlement, pursuant to Fed. R. Civ. P. 23;
- whether the Settlement merits final approval as fair, reasonable and adequate;
- whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- whether the notice method utilized by the Parties: (i) constituted the best practicable notice; (ii) constituted notice reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;
- whether Plaintiff's Counsel adequately represented the Class for purposes of entering into and implementing the Settlement;
- whether the proposed Plan of Allocation should be approved; and
- whether the applications for attorneys' fees, a Case Contribution Award and Litigation Expenses are reasonable and should be approved.

7. **Notice.** Plaintiff has presented to the Court a proposed form of Notice, appended to the Stipulation as Exhibit A-1, and Defendant has presented to the Court an Acknowledgement form, appended to the Stipulation as Exhibit A-2. The Court finds that such

Notice fairly and adequately: (a) describes the terms and effect of the Settlement and the Plan of Allocation; (b) notifies the Class that Plaintiff's Counsel will seek attorneys' fees, a Case Contribution Award not to exceed $25,000.00 for the Lead Plaintiff for its service in such capacity, and Litigation Expenses from the Settlement Fund; (c) gives notice to the Class of the time and place of the Final Approval Hearing; and (d) describes how the recipients of the Notice may exclude themselves from the Class and the Settlement or object to any of the relief requested.  Plaintiff has proposed the following manner of communicating the notice to members of the Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances.  Accordingly, the Court directs that Lead Counsel shall:

- By no later than ten (10) calendar days after the date of this Order, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by internet notice and mailed, first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort.  Within five (5) calendar days from the date of this Order, JPMC Bank shall provide Lead Counsel, in electronic format, the names and last known addresses of the members of the Class and timely respond to any reasonable written requests for accessible data in JPMC Bank's custody or control necessary to allow Plaintiff's Counsel or the Settlement Administrator to effectuate notice and to implement, enforce or determine the administrability of a Plan of Allocation (as described and/or provided for herein).

- The Parties shall reasonably cooperate with one another to accomplish the requirements of this paragraph, as provided in the Stipulation ¶ 13.  The costs and

expenses of preparing and disseminating the notice shall be paid from the Settlement Fund, as provided in the Stipulation.

8. **Acknowledgement.** In order to be eligible to share in a distribution of the Net Settlement Fund, Class Members must complete and timely submit to the Settlement Administrator the Acknowledgement, Receipt, and Release Form ("Acknowledgement"), substantially in the form appended to the Stipulation as Exhibit A-2. The completed Acknowledgement must be submitted to the Settlement Administrator at least twenty-one (21) calendar days prior to the Final Approval Hearing, unless such deadline is extended by Order of the Court; *provided, however*, that, with consent of Lead Counsel, an otherwise valid Acknowledgement may be considered timely if it is submitted no later than thirty (30) days after the Court enters Judgment. Any Class Member who fails to submit a timely Acknowledgement shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation (unless, by Order of the Court, late-filed Acknowledgements are accepted), but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Judgment and the releases provided for therein. Lead Counsel shall cause the Acknowledgement, with such nonsubstantive modifications thereto as may be agreed upon by the Parties, to be provided to each member of the Class accompanying each communication of the Notice described above. Any Acknowledgement submitted by a Class Member will not be deemed to bar, waive or otherwise affect that Class Member's ability to object to all or any aspect of the Settlement.

9. **Exclusion from the Settlement.** Any member of the Class who wishes to be excluded from the Settlement pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure must submit a written Request for Exclusion postmarked no later than twenty-one (21) calendar

days prior to the Final Approval Hearing) to the address below.  In order to be valid, each Request for Exclusion must set forth the name and address of the plan or entity requesting exclusion, must state clearly that such plan or entity requests exclusion from the Class and the Settlement, and must be signed by a representative of the plan or entity.  Requests for Exclusion must be mailed to the Claims Administrator at:

**Gilardi & Co. LLC**
P.O. Box 990
Corte Madera, CA 94976-0990

Members of the Class that request exclusion (a) will *not* participate in any distribution of the Net Settlement Fund and will *not* receive a Settlement payment; (b) will not be bound by the terms of the Settlement, including the releases, and will retain the right to file their own lawsuits; and (c) will not be able to object to the Settlement.  Each member of the Class that does not request exclusion from the Class at least twenty-one (21) calendar days prior to the Final Approval Hearing, will be considered a Class Member and will be bound by the Settlement.

10.     **Objections to Settlement.**   Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for a Case Contribution Award for the Lead Plaintiff may file an objection.  An objector must file with the Court Clerk a statement of his, her or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector must also mail copies of the objection and all supporting law and/or evidence to Lead Counsel and to JPMC Bank's Counsel.  The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

    Clerk of the Court
    United States District Court for the Southern District of New York
    Daniel Patrick Moynihan United States Courthouse
    500 Pearl Street, New York, NY 10007-1312
    Re: *Board of Trs. of the Operating Eng'rs Pension Trust* v. *JPMorgan Chase Bank, N.A.*, No. 09 Civ. 9333 (KBF) (S.D.N.Y.)

*To Lead Counsel:*

    Paul J. Geller
    Stephen R. Astley
    Sabrina E. Tirabassi
    Robbins Geller Rudman & Dowd, LLP
    120 East Palmetto Park Road, Suite 500
    Boca Raton, FL 33432

    Robert A. Izard
    Seth Klein
    Izard Nobel, LLP
    29 South Main Street, Suite 305
    West Hartford, CT 06107

*To JPMC Bank's Counsel:*

    Lewis R. Clayton
    Jonathan H. Hurwitz
    Paul, Weiss, Rifkind, Wharton & Garrison, LLP
    1285 Avenue of the Americas
    New York, NY 10019-6064

The objector or his, her or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court no later than twenty-one (21) calendar days before the Final Approval Hearing. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court no later than twenty-one (21) calendar days before the Final Approval Hearing. Any member of the Class or other person who does not timely file and serve a written objection complying with the

8

terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.  Plaintiff and/or JPMC Bank shall file any reply or response to any objection no later than seven (7) calendar days before the Final Approval Hearing.

11. **Appearance at Final Approval Hearing.**  Any objector who files and serves a timely, written objection in accordance with paragraph 10 above may also appear at the Final Approval Hearing, either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Final Approval Hearing must effect service of a notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Lead Counsel and JPMC Bank's Counsel (at the addresses set out above) and file it with the Court Clerk by no later than twenty-one (21) calendar days before the Final Approval Hearing.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown.

12. **Notice Expenses.**  Pursuant to paragraph 19 of the Stipulation, Lead Counsel may pay from the Escrow Account, without further approval from JPMC Bank or further order of the Court, reasonable Notice Costs not to exceed $10,000.

13. **Service of Papers.**  JPMC Bank's Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

14. **Termination of Settlement.**  This Order, including preliminary class certification and any actions taken or to be taken in connection therewith, shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to

9

their respective positions as of July 25, 2013, if the Settlement is terminated in accordance with the terms of the Stipulation.

15. **Use of Order.**  This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation involving any of the Parties.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach or liability and Defendant specifically denies any such fault, breach, liability or wrongdoing.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable.  This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she or it may have in the event that the Settlement is terminated.  Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only.  Neither the fact of, nor any provision contained in the Settlement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

16. **Jurisdiction.**  The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

17. **Continuance of Hearing.** The Court reserves the right to continue the Final Approval Hearing without further written notice.

SO ORDERED this 21st day of August, 2013.

_____
HON. KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE