UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

THE BOARD OF TRUSTEES OF THE     :    Civil Action No. 09-cv-09333-KBF
OPERATING ENGINEERS PENSION     :
TRUST, on Behalf of Itself and All Others    :    CLASS ACTION
Similarly Situated,

                           :    [PROPOSED] JUDGMENT APPROVING
            Plaintiffs,      :    CLASS ACTION SETTLEMENT

                           :

     vs.                           :

JPMORGAN CHASE BANK, NATIONAL    :
ASSOCIATION,                  :

                           :
            Defendant.      :

—————————————————————— x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 2 0 2013

WHEREAS, the Lead Plaintiff in the Action, the Board of Trustees of the Operating Engineers Pension Trust ("Lead Plaintiff"), on behalf of itself and the members of the Class, and JPMorgan Chase Bank, N.A. ("JPMC Bank") entered into a Stipulation of Settlement dated as of August 16, 2013 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation against JPMC Bank on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"); and

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation; and

WHEREAS, by Order dated August 21, 2013 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) preliminarily certified the Class for purposes of settlement; (c) ordered that notice of the proposed Settlement be provided to members of the Class; (d) provided members of the Class with the opportunity to exclude themselves from the proposed Settlement, (e) provided Class Members with the opportunity to object to the proposed Settlement, and (f) scheduled a hearing regarding final approval of the Settlement; and

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on November 19, 2013 to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

891802_1

1.      **Jurisdiction**: The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 16, 2013; and (b) the Notice, which was also filed with the Court on August 16, 2013.

3.      **Class Certification**: The Court finds, for the purposes of the Settlement, that the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied with respect to the Class. In particular, the Court finds that: (a) the members of the Class are so numerous and geographically dispersed that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class, and those common issues predominate over any individual issues; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protect the interests of all members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action. Accordingly the Court certifies, for purposes of the Settlement, a Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure consisting of the following:

> all plans and entities governed by the Employee Retirement Income Security Act for which JPMorgan Chase Bank, N.A., pursuant to a securities lending agreement, either directly or through the JPMorgan Chase Bank, N.A. Securities Lending Cash Collateral Fund, invested cash collateral in floating rate notes issued by Lehman

891802_1

Brothers Holdings, Inc. bearing CUSIP numbers 524908SQ4 and/or 52517PQ61, and continued to hold those securities as of September 15, 2008.

4.     **Notice**: The Court finds that the distribution of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise members of the Class of the effect of the Settlement (including the releases provided for therein), of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees, a Case Contribution Award and Litigation Expenses incurred in connection with the prosecution of the Action, of Class Members' right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees, Case Contribution Award and Litigation Expenses, and of their right to appear at the Final Approval Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

5.     **Final Settlement Approval and Dismissal of Claims**:     Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein and the dismissal with prejudice of any and all Settled Claims against each and every one of the released parties) and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiff, the Class, and the Class Members.

6.     All of the claims in the Action against JPMC Bank by the Class Members and Lead Plaintiff are hereby dismissed on the merits and with prejudice, as of the Effective Date. The

- 3 -

891802_1

Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.      **Binding Effect**: The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Parties and the Class Members, as well as all of their successors and assigns. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      **Releases**: The releases as set forth in paragraphs 2 and 3 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date unless otherwise indicated in the Stipulation. Accordingly, this Court orders that, as of the Effective Date, and without limiting the scope of the Releases as set forth in the Stipulation:

a)      By operation of this Judgment, Lead Plaintiff and each of the Class Members, on behalf of themselves and their respective trustees, administrators, officers, directors, agents, beneficiaries, settlors, sponsors, participants, successors, and assigns, individually and collectively, (a) shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed any and all Settled Claims against the JPMC Bank Releasees; (b) shall be enjoined from asserting or prosecuting any Settled Claims; and (c) agree and covenant not to sue any of the JPMC Bank Releasees on the basis of any Settled Claims or to assist any third party in commencing or maintaining any suit related to any Settled Claims.

b)      By operation of this Judgment, JPMC Bank, on behalf of itself and its officers, directors, agents, successors and assigns, individually and collectively, (a) shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed any and all Settled Claims against the Class Member Releasees; (b) shall be enjoined from

- 4 -

asserting or prosecuting any Settled Claims; and (c) agrees and covenants not to sue any of the Class Member Releasees on the basis of any Settled Claims or to assist any third party in commencing or maintaining any suit related to any Settled Claims.

9.      **Rule 11 Findings**: The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.   The Court further finds that Lead Plaintiff and Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

10.   **No Admissions**: Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements referred to therein shall be:

a)      admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Settlement or this Judgment; or

b)      deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation or proceeding; the amount of damages, if any, that may have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

11.   **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the funding and disposition of the Settlement Fund; (b) any motion for an award of attorneys' fees, a Case Contribution Award and/or expenses by Lead Counsel in the Action; (c) the Class Members for purposes of adjudicating

- 5 -

any dispute relating to a Claim; and (d) any motion to approve the Plan of Allocation and the Class Distribution Order.

12.    Any plan of allocation submitted by Lead Counsel or any order entered regarding any motion for attorneys' fees, a Case Contribution Award and expenses filed by Lead Counsel shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date.

13.    **Entry of Final Judgment**:  There is no just reason to delay the entry of this Judgment as a final judgment as to the claims against JPMC Bank.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against JPMC Bank pursuant to Federal Rule of Civil Procedure 54(b).

14.    **Termination**:  If the Effective Date does not occur or the Stipulation is terminated, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

SO ORDERED this 19ᵀᴴ day of   Nov.     , 2013.

_____
THE HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

891802_1

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2013, I submitted the foregoing to judgments@nysd.uscourts.gov and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 12, 2013.

<div style="margin-left: 50%;">

s/ Stephen R. Astley

STEPHEN R. ASTLEY
ROBBINS GELLER RUDMAN
    & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

E-mail:  sastley@rgrdlaw.com

</div>

891802_1